**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-1924**

DONALD R. BURKE, II,

Plaintiff - Appellant,

versus

JO ANNE B. BARNHART, Commissioner of Social
Security,

Defendant - Appellee.

Appeal from the United States District Court for the Western
District of Virginia, at Big Stone Gap.  James P. Jones, Chief
District Judge.  (CA-04-5-2)

Submitted:  April 3, 2006                 Decided:  April 12, 2006

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Donald R. Burke, II, Appellant Pro Se.  Reesha Kang Trznadel,
SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Julie
C. Dudley, Assistant United States Attorney, Roanoke, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Donald R. Burke, II, appeals the district court's order affirming the Commissioner's denial of disability insurance benefits. We must uphold the decision to deny benefits if the decision is supported by substantial evidence and the correct law was applied. See 42 U.S.C. § 405(g) (2000); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

In challenging the sufficiency of the evidence on appeal, Burke claims that the Administrative Law Judge failed to fully consider the testimony of the vocational expert. Because this claim was not raised in the district court, and because no extraordinary circumstances exist, Burke may not raise it on appeal. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) (holding that issues raised for the first time on appeal are generally waived absent exceptional circumstances).

Burke also argues that the Administrative Law Judge failed to give controlling weight to the testimony of his treating physician, Dr. Russell D. McKnight. However, as we stated in Hunter v. Sullivan, "[a]lthough the treating physician rule generally requires a court to accord greater weight to the testimony of the treating physician, the rule does not require that the testimony be given controlling weight." 993 F.2d 31, 35 (4th Cir. 1992). Rather, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial

evidence, it should be accorded significantly less weight." <u>Craig</u>, 76 F.3d at 590.  Here, Dr. McKnight's assessment of Burke's psychological condition as sufficient for a finding of disability conflicts with the findings of other psychologists with whom Burke consulted.  In such a case, "[wh]ere conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Administrative Law Judge]." <u>Johnson v. Barnhart</u>, 434 F.3d 650, 653 (4th Cir. 2005) (quoting <u>Craig</u>, 76 F.3d at 589).  Accordingly, we conclude that the record contains substantial evidence that Burke is not disabled.

We affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>